UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Criminal Case No. 24-20667

v.

                                 Honorable Denise Page Hood

D-1 BRIAN MAURICE BROWN,
D-2 JOHN BRYANT,
D-3 ZION SPEED,
D-4 DOMINIQUE GLENN,
D-5 DEMECKO MOTTON, and
D-6 AKIA BROWN

        Defendants.
_____/

**SECOND PROTECTIVE STIPULATION**
**REGARDING DISCOVERY MATERIALS**

The above parties, through their respective counsel, stipulate as follows:

*Grand Jury Financial Evidence*

1. With the assistance of agents from DEA and the IRS, the grand jury in the Eastern District of Michigan subpoenaed financial records related to this investigation, and specifically to the conspiracies to launder money and controlled substances.

2. Fed. R. Crim. P. 6 states, in part, that the court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter…in connection with a judicial proceeding.

Additionally, Fed. R. Crim. P. 16. Rule 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

3. To provide defense counsel(s) the ability to make a full review of the returned financial material, the government will provide an unredacted, secure digital copy of the electronic data in its next discovery production, marked "Subject to Protective Order on [date], in E.D. Mich. No. 24-20667".

4. Considering the sensitive and personal information contained in these financial records, the data will be used by defense counsel only. Defense counsel will maintain custody of the financial data and will not make any copies of the data unless otherwise expressly permitted in this stipulated protective order.

5. Defense counsel can provide copies of the financial materials only to paralegals, discovery coordinators, and/or investigators working with defense counsel and only for the purposes of trial preparation. Prior to disclosing the financial data, defense counsel will inform persons receiving the data of the disclosure limitations of this stipulation. Defense counsel will ensure that the data disclosed to any of the previously described persons will not be further disclosed.

6. Defense counsel can review the financial material with their client however, defense counsel is *not* permitted to supply the Defendant with a copy of the electronic data or any of the evidence derived from the data.

7. Defense counsel is permitted to use the financial data in court hearings in this matter as necessary to the defense (e.g., by the Federal Rules of Evidence and Criminal Procedure). To this end, defense counsel is permitted to make a "hard" or paper copy of the data if it is necessary in hearings in this matter (e.g., in cross examination), so long as those copies are destroyed at the conclusion of this matter and/or returned to the government.

### *Warrants and Other Applications and Orders*

8. Search warrants and other applications and orders if applicable (2703d Orders/Pen Trap-Trace Orders) will be provided to defense counsel in discovery. Some supporting affidavits may be in redacted form to protect names of unindicted individuals or information related to any ongoing investigation(s).

9. If counsel intends to challenge any search warrants, they will be provided in an unredacted form for attorney's eyes only.

10. Finally, this Order is binding on successor counsel, if any, including appellate counsel, and a copy of this order will be transmitted to such successor counsel with the materials protected by this Order, all without prejudice to successor counsel's right to move the Court for an order modifying or vacating this Order.

IT IS SO STIPULATED.

| | |
|---|---|
| *s/ Caitlin Casey* <br> Rajesh Prasad <br> Caitlin B. Casey <br> Assistant United States Attorneys <br> 211 W. Fort St. Suite 2001 <br> Detroit, MI 48226 <br> 313-226-0821 <br> rajesh.prasad@usdoj.gov | */s/ Allison Kriger* (*with consent*) <br> Allison Kriger & Barry Resnick <br> Attorneys for Brian Brown <br> 302 South Main Street <br> Royal Oak, MI <br> 248-851-3887 <br> allison.kriger@gmail.com <br> barcorvette@hotmail.com |
| */s/ Vincent Toussaint (with consent)* <br> Attorney for John Bryant <br> 24901 Northwestern Hwy, Ste 612 <br> Southfield, MI 48075-2210 <br> 313-878-6699 <br> vjtoussaint@netscape.net | *Brandy Y. Robinson (with consent)* <br> Attorney for Zion Speed <br> Federal Defender's Office <br> 613 Abbott St., Suite 500 <br> Detroit, MI 48226 <br> 313-967-5542 <br> brandy_robinson@fd.org |
| */s/ Sanford Plotkin (with consent)* <br> Attorney for Dominique Glenn <br> 30445 Northwestern Hwy, Ste 225 <br> Farmington Hills, MI 48334-3167 <br> 248-798-5756 <br> sanfordplotkin@gmail.com | */s/ Jerome Sabbota (with consent)* <br> Attorney for Demecko Motton <br> 26862 Woodward Ave, Unit 200 <br> Royal Oak, MI 48067-0959 <br> 248-543-8000 <br> jerry@ribitwersabbota.com |
| */s/ Patrick E. Nyenhuis (with consent)* <br> Attorney for Akia Brown <br> 615 Griswold Street, Suite 1300 <br> Detroit, MI 48226 <br> 313-244-3500 <br> pnyenhuis@gmail.com | |

Dated: May 14, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 BRIAN MAURICE BROWN,
D-2 JOHN BRYANT,
D-3 ZION SPEED,
D-4 DOMINIQUE GLENN,
D-5 DEMECKO MOTTON, and
D-6 AKIA BROWN

        Defendants.
_____/

Criminal Case No. 24-20667

Honorable Denise Page Hood

## SECOND PROTECTIVE ORDER BASED ON PARTIES' STIPULATION

Upon this Court's consideration of the parties' stipulation and for the reasons stated by the parties,

IT IS ORDERED that the pretrial disclosure of the materials identified by the parties in their stipulation are controlled by the provisions of that agreement, and the government is authorized to disclose the materials as requested.

SO ORDERED.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: May 16, 2025