UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-cr-20667 |
| | Hon. Denise Page Hood |
| v. | |
| D-1 BRIAN MAURICE BROWN, | |
|     Defendant. | |
| _____/ | |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL THE COURTROOM**

Brian Brown seeks pre-trial release and has asked the Court for a detention hearing. Additionally, Brown seeks complete closure of the courtroom from the public during the detention hearing.

The public and press have a First Amendment right to access bail hearings and are entitled to be heard on defendant's motion to close the courtroom. Further, the defendant must show that in the absence of complete closure, a compelling interest would be harmed. Brown has not made this showing, and his motion should be denied.

**Procedural History**

On December 4, 2024, a grand jury charged Brown and others in an eight-count, sealed indictment with conspiracy and possession with intent to distribute

1

controlled substances and conspiracy to launder money. (ECF No. 1) The indictment was unsealed on December 16, 2024. Brown made his initial appearance on that date and consented to detention. (ECF No. 11; ECF No. 28)

As required by the Consent Order of Detention, Brown's counsel contacted the government to set-up a detention hearing before a magistrate judge. The hearing was scheduled for June 4, 2025, at 3:30 p.m. (ECF No. 84). Prior to the hearing, the parties stipulated to filing their respective memoranda regarding detention under seal. (ECF No. 87).

On June 4, 2025, just minutes before the start of the hearing, Brown's counsel notified the government of their intent to make an oral motion to close the courtroom. The parties and the Court held a sidebar. (ECF No. 89, 0:47). The government did not object to the defense's request to seal the transcript of the hearing but did not agree to close the courtroom.

### REDACTED

On the record, the Court addressed the gallery and asked all non-government staff, including Brown's family and friends to leave, per defense counsel's request. (ECF No. 90, 1:30). The Court then identified others in the gallery, including a member of the press. (*Id.,* 2:42). The government reiterated its objection to closing the courtroom, citing potential First Amendment issues. (*Id.,* 2:49).

2

The government also advised that it could not, at that moment, provide part of its argument in public and part of its argument in camera. (*Id.,* 3:40). The Court inquired if the press member would voluntarily leave the courtroom. He declined. (*Id.,* 4:28). The Court adjourned the hearing, asking the parties for briefing on the issue of closing the courtroom. (*Id.,* 4:44). The Court told the parties to coordinate and schedule future dates. (*Id.,* 6:12).

On June 25, 2025, Brown filed a sealed brief in support of his oral motion to seal the courtroom. (Def. Brf.) In his motion, Brown asks the Court to schedule a hearing for the motion to close the detention hearing, enter an order to close the detention hearing, and then immediately conduct the detention hearing. (Def. Brf. 10).

## **Legal Standard and Argument**

It is well established that the public has a First Amendment right of access to criminal trials. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605-06 (1982). This right of access is grounded upon: (1) the fact that "the criminal trial historically has been open to the press and general public," and (2) a recognition that "the right of access to criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole." *Id*.

Multiple circuit courts, including the Sixth Circuit, have extended the First Amendment right of public access to pretrial proceedings. *See, e.g., Application of*

3

*Storer Communications, Inc.,* 828 F.2d 330, 335 (6th Cir. 1987); *In re Application of the Herald Co.,* 734 F.2d 93, 99 (2d Cir.1984); *United States v. Criden*, 675 F.2d 550, 555 (3rd Cir.1982). This includes access to bail and detention hearings. *See United States v. Chagra,* 701 F.2d 354, 363 (5th Cir.1983) ("Pretrial release proceedings require decisions that attract significant public interest and invite legitimate and healthy public scrutiny"); *In re Globe Newspaper Co.,* 729 F.2d 47, 52 (1st Cir.1984) ("[T]he bail decision is one of major importance to the administration of justice, and openness will help to assure the public that the decision is properly reached").

When a court considers whether to close a pretrial proceeding that would ordinarily be open to the public, it must meet specific procedural requirements. *In re Globe Newspaper Co.,* 729 F.2d at 56. First, it must allow members of the press and the public who are present at the time the closure motion is made "an opportunity to be heard on the question of their exclusion." *Gannett Co. v. Depasquale*, 443 U.S. 368, 378 (1979).

Second, the court must weigh the competing interests involved and consider reasonable alternatives to closure, stating on the record its reasons for rejecting these alternatives. *Storer Communications, Inc.,* 828 F.2d at 446. The moving party must establish that closure serves a compelling interest, and there is a "substantial probability" that, in the absence of closure, that compelling interest

would be harmed. *Press-Enterprise II*, 478 U.S. 1, 106 S. Ct. 2735 (1986)

Third, if the court determines that closure is necessary, it must draw the closure order as narrowly as possible to minimize the intrusion on the public's First Amendment right to access. *Id.; see also Press-Enterprise I,* 464 U.S. 501, 510-11, 104 S. Ct. 819 (1984). This decision may not be based on conclusory assertions alone, but the court must make specific factual findings. *Id.*

**I.)** **The public and press must have meaningful public notice to object to a motion to close the courtroom.**

Motions for closure of criminal proceedings, both before and during the trial, must be posted promptly on the docket sheet, thus giving notice to the public. *Storer Communications, Inc.,* 828 F.2d at 335. When such motions are posted, media organizations may move to intervene for the purpose of contesting closure of hearings and the sealing of documents. *Id.*, *see also Criden*, 675 F.2d at 555, 559 (3d Cir. 1982) (motions for closure of pretrial criminal proceedings must be docketed sufficiently in advance of hearing on or disposition of such motions to afford interested members of the public an opportunity to intervene and present their views). In other similar cases under appellate review, magistrate courts have notified interested media parties and invited them to intervene, if they so choose. *United States v. Graham,* 257 F.3d 143, 145 (2nd Cir. 2001). Other courts have, as the Court did here, taken a pause in the proceedings to allow the press an

5

opportunity to be heard. *In re Globe Newspaper Co.*, 729 F.2d at 49.

Since a member of the Detroit News was present at the initial detention hearing on June 4, 2025, and indicated his interest in staying for the hearing, the Court should afford them the opportunity to intervene, if they so choose. The Court may even be required to adjourn the detention hearing after the motion for closure is heard if the press indicates it wants to pursue an appeal of the Court's order. *See Chagra,* 701 F.2d at 359 (collecting cases). However, if the media, after being notified, chooses not to intervene, or pursue an appeal of the Court's ruling at the conclusion of the motion for closure, then this Court can conduct the detention hearing after the ruling on the motion for closure.

II.) **The defendant must establish "a substantial probability" that absent closure, his compelling interest will be harmed.**

The Court has broad discretion in deciding whether Brown has met his burden of showing a "substantial probability" of danger absent closure. *United States v. Doe,* 63 F.3d 121, 130 (2nd Cir. 1995). From there, the Court can make the explicit factual findings necessary for closure of the hearing. However, Brown does not offer any.

**REDACTED**

6

**REDACTED**

Brown's assertions in his brief are insufficient because the Court must make "specific factual findings" and not "conclusory assertions alone." *United States v. Doe,* 962 F.3d 139, 147 (4th Cir. 2020).

**REDACTED**

**REDACTED**

### III.)     The narrowest closure order would allow for a bifurcated hearing.

At the June 4, 2025, detention hearing, the government, without prior notice of the defendant's request to close the entire proceeding, was not prepared to present a bifurcated proffer, part open to the public and press, and part closed. Having had the benefit of reviewing the case law and sufficient time to prepare, the government can proceed on a bifurcated basis if the Court believes that Brown has established a substantial probability that his compelling interest will be harmed. The government believes a bifurcated hearing, rather than complete closure, is the appropriate, narrowly tailored, remedy to minimize the intrusion on the public's First Amendment right to access.

## Conclusion

For the reasons stated above, Brown's motion should be denied, or at minimum narrowly tailored to a bifurcated hearing.

    Respectfully submitted,

    JEROME F. GORGON JR.
    United States Attorney

    *s/Rajesh Prasad*
    Rajesh Prasad
    Caitlin B. Casey
    Assistant United States Attorneys
    211 W. Fort St., Suite 2001
    Detroit, MI  48226
    (313) 226-0821
    Rajesh.Prasad@usdoj.gov

Dated: July 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I filed the forgoing document with the Clerk of the Court of the Eastern District of Michigan using the ECF system with a publicly redacted copy and an unredacted copy provided to the Court and defendant's attorneys.

*s/Rajesh Prasad*
Rajesh Prasad
Assistant United States Attorney