UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Criminal Case No. 24-20667

Honorable Denise Page Hood

D-1 BRIAN MAURICE BROWN

Defendant.
_____/

### Government's Motion to Continue the Final Pre-trial Conference and Trial Date and Find Excludable Delay

The government moves to continue the final pre-trial conference from April 16, 2026 to July 23, 2026, and the trial date from April 21, 2026 to August 4, 2026 with respect to D-1 Brian Brown. The government further moves for the Court to find, that the time period from the current trial date of April 21, 2026 through August 4, 2026 qualifies as excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Brian Brown's remaining co-defendants – John Bryant and Akia Brown – have entered a stipulation and agree with the government to adjourn all dates by approximately 90 days and for an excludable delay finding. (Submitted to the Court, April 15, 2026). The government sought concurrence from counsel for

Brian Brown for the 90-day adjournment, and concurrence was not obtained. Brown, who just filed a motion to revoke his detention order on April 7, 2026, was willing to agree to a 30-day adjournment but would not agree to any additional time unless the government agreed to release him on bond.

Because substantial justification for this delay exists, as detailed below and as contained in the stipulation between the government and the remaining defendants, and because Brian Brown is properly joined for trial with the remaining defendants, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." *United States v.* Cope, 312 F.3d 757, 776 (6th Cir. 2002). Further, in this case, Brown is charged in both a narcotics and money laundering conspiracy. The evidence against Brown is inextricably intertwined with the evidence against John Bryant as to the narcotic conspiracy and Akia Brown as to the money laundering conspiracy.

The government's reasons for the continuance and for a finding of excludable delay are as follows:

- Six defendants – Brian Brown, John Bryant, Zion Speed, Dominque Glenn, and Akia Brown – were charged with being a part a narcotics and money laundering conspiracy that spanned several years and involved multiple jurisdictions and seizures of evidence.

- Multiple discovery productions have been made to each defendant in this matter, in Brian Brown. Discovery in this matter is voluminous. It includes hundreds of pages of reports and financial records, as well as numerous cellular phones and iCloud accounts. The electronic evidence, alone, involves more than 4 terabytes of data and requires significant time to review.  Further, additional discovery will be forthcoming.

- Defense counsel for D2-John Bryant joined the case in mid-November 2025. Defense counsel has requested at least another 90 days to review the discovery materials and get up to speed with the case. This extra time will allow him and other remaining defendants to determine whether pretrial motions are necessary and decide whether to proceed to trial or resolve the case through a plea agreement. The additional time will also allow the parties to negotiate to attempt to resolve this matter short of trial.

- Defense counsel for Brian Brown filed a motion to revoke his detention order on April 7, 2026. This motion is still pending. The government intends to file a written response to the defendant's motion. Further, a hearing date for his motion has not yet been set.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

- In addition, failure to grant a continuance would unreasonably deny counsel for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the Speedy Trial Act's 70-day clock, see 18 U.S.C. § 3161(h)(7)(B)(ii).

The government therefore requests that the Court grant the requested continuance of the final pre-trial conference and trial date and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Caitlin B. Casey*
Caitlin B. Casey

Rajesh Prasad
Assistant U.S. Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9769
Caitlin.casey@usdoj.gov

Date: April 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026. I had the foregoing electronically filed with

the Clerk of the Court using the ECF system, which will send notification of such

filing to all counsel of record.


*/s/ Caitlin Casey*
Caitlin Casey
Assistant U.S. Attorney